

**FILED & ENTERED**

**JUN 29 2012**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY walter      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>4th Street East Investors, Inc.,<br><br>Debtor(s). | Case No.: 2:12-bk-17951-NB<br><br>CHAPTER 11<br><br>**MEMORANDUM DECISION GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY**<br><br>Date:    June 26, 2012<br>Time:    10:00 AM<br>Courtroom: 1545 |

A hearing was held at the above-referenced time and place on the motion of Ocean II, LLC (the "Movant") for relief from the automatic stay (dkt. 95) (the "Motion") and other papers filed in relation thereto (dkt. 116 and 127). Appearances were as noted on the record.

Based on (i) the foregoing papers, (ii) the bankruptcy schedules ("Schedules") and Statement Of Financial Affairs ("SOFA") (dkt. 1) filed by the above captioned debtor(s) ("Debtor"), (iii) the proof of service included in the Motion papers showing service on the owner/borrower listed in the loan documents (the "Owner"), and (iv) the other documents and records in this case and the arguments and evidence presented at the hearing, I make the following findings of fact and conclusions of law.

### A. Findings of Fact

This case matches the profile of certain other cases that have come before the Court:

(1) In violation of the loan documents, an interest in the subject property purportedly was transferred to Debtor.

(2) Movant has presented sufficient evidence, including the following, to establish that the purported transfer was part of a "scheme" to delay or hinder Movant's remedies against the property by implicating the automatic stay of 11 U.S.C. § 362(a) in Debtor's bankruptcy case:

   (a) The grant deed reflects that the purported transfer was for little or no consideration.

   (b) The purported transfer occurred, or it was made known to Movant, at a time when Movant was seeking to pursue its remedies against the property.

   (c) No evidence or argument was presented that would establish any legitimate purpose for such a purported transfer.

(3) Movant has *not* established that Debtor was part of such scheme[1] because on the present record:

   (a) There is evidence that the purported transfer occurred *after* Debtor's bankruptcy petition was filed (if the transfer had occurred *before* the petition date then that would imply advance coordination between the transferor and Debtor).

   (b) There is no evidence of any other connection between Debtor and (i) the property, (ii) any transferor of the property (a "Transferor"), or (iii) any obligor under the movant's loan documents (*e.g.,* there is no indication that Debtor was acquainted with a Transferor or obligor or resided at the property).

---

[1] I make no finding regarding that issue one way or the other.

1         (c) There is insufficient *other* evidence to support a finding of an intent by

2             Debtor, in filing the bankruptcy petition, to hinder, delay or defraud

3             creditors, such as blank or otherwise substantially defective bankruptcy

4             schedules, or the debtor's failure to attend the meeting of creditors under

5             11 U.S.C. § 341(a).

6         (d) Based on the foregoing, this case is consistent with the pattern in so-

7             called "hijacked" or "dumping" cases – *i.e.,* cases in which a transferor of

8             property, acting *without* the debtor's participation or acquiescence, seeks

9             to implicate the automatic stay for the transferor's *own* benefit by

10             purporting to transfer property into a random bankruptcy estate, or by

11             back-dating or falsifying a grant deed to make it appear that such a

12             transfer has occurred.

13     (4) If Movant intended to seek a specific finding of this Court that Debtor was part

14 of the scheme, the Motion papers and the facts and circumstances described above did

15 not sufficiently notify Debtor of that possibility, and therefore Debtor had insufficient

16 notice of any reason to oppose the Motion.

17     **B.**    **Conclusions of Law**

18     Based on the foregoing facts, although it is *not* appropriate to find that Debtor

19 participated in the scheme, it *is* appropriate to grant relief of the type set forth in 11

20 U.S.C. §362(d)(4) ("*in rem*" relief), for the following reasons.

21     (1) Relief is appropriate under 11 U.S.C. § 364(d)(4) because, *as of the time*

22 *when the scheme was implemented*, the debtor's "filing of the petition was part of a

23 scheme [*by Transferor*] to delay, hinder, or defraud creditors" (11 U.S.C. § 362(d)(4)).

24 In other words, I interpret the term "was" as descriptive of the type of scheme (a scheme

25 that involves the fact that filing the petition created an automatic stay), rather than as a

26 temporal limitation intended by Congress to exclude schemes that are implemented

27 post-petition. *Compare In re Scarborough*, 461 F.3d 406, 411 (3d Cir. 2006)

28 (interpreting the word "is" in 11 U.S.C. § 1322(b)(2) as descriptive, not temporal); *In re*

Main Document    Page 4 of 6

*Abdelgadir*, 455 B.R. 896, 902-03 (9th Cir. BAP 2011) (same, under 11 U.S.C. § 1123(b)(5)).

(2) Alternatively, the same *in rem* relief is warranted on two alternative grounds: the Court's inherent authority, or the plain meaning of 11 U.S.C. § 105(a).

    (a) I respectfully disagree with decisions that, in my view, appear to narrow § 105(a) almost out of existence and to deny any authority to prevent such abuse. *See, e.g., In re Johnson*, 346 B.R. 190 (9th Cir. BAP 2006). In departing from Johnson, I follow authority holding that decisions of the Bankruptcy Appellate Panel are not strictly binding (although they are often persuasive). *See, e.g., In re Rinard*, 451 B.R. 12, 20-21 (Bankr. CD Cal. 2011), *disagreed with on other grounds, In re Hernandez* (Case No. 2:11-bk-53730-NB, dkt. 40). Both the Court's inherent authority and the plain meaning of 11 U.S.C. § 105(a) authorize the Court "to take appropriate action in order to prevent abuse of the bankruptcy process." *In re Fernandez,* 212 B.R. 361, 372 (Bankr. CD Cal. 1997), *aff'd on other grounds,* 227 B.R. 174 (9th Cir. BAP 1998). *See also, e.g., In re Henderson,* 395 B.R. 893, 901-02 (Bankr. D.S.C. 2008) (*in rem* relief not limited to § 362(d)(4)).

    (b) I also respectfully disagree that an adversary proceeding is required in order to grant *in rem* relief as described in this decision. *See In re Van Ness*, 399 B.R. 897 (Bankr. E.D. Cal. 2009). It is not apparent why more elaborate procedures should be required under the Court's inherent authority or 11 U.S.C. § 105(a) than would be required to grant the same type of *in rem* relief as under § 362(d)(4).

(3) To the extent, if any, that Movant seeks any other extraordinary relief, such as relief against third parties *without* any notice ("Extraordinary Relief"), Movant has not provided sufficient legal authority or factual basis for such relief.

(4) Movant has established sufficient cause to waive the 14 day stay under Fed.

R. Bankr. P. 4001(a)(3).

**C.     Conclusion**

A separate order will be issued, concurrent with this Memorandum Decision, granting Movant relief from the automatic stay of 11 U.S.C. §362(a), including *in rem* relief as described above.

###

DATED: June 29, 2012

United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM DECISION GRANTING IN REM RELIEF FROM THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) **6/29/12**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Marvin B Adviento     generalmail@alvaradoca.com
- Brielyn S Atwater     bknotice@mccarthyholthus.com, bknotice@mccarthyholthus.com
- Gregory J Babcock     gbabcock@abbeylaw.com
- Richard J Bauer     rbauer@mileslegal.com
- Bradley S Beherns     ecfcacb@piteduncan.com
- Russell Clementson     russell.clementson@usdoj.gov
- Mark Domeyer     mdomeyer@mileslegal.com
- Fahim Farivar     ffarivar@margulies-law.com
- Todd S Garan     ecfcacb@piteduncan.com
- Barry S Glaser     bglaser@swjlaw.com
- Arnold L Graff     ecfcacb@piteduncan.com
- Joe M Lozano     notice@NBSDefaultServices.com
- Craig G Margulies     cmargulies@margulies-law.com
- Scott H Noskin     snoskin@mbnlawyers.com, krose@mbnlawyers.com;amcdow@mbnlawyers.com
- Martin W. Phillips     marty.phillips@att.net
- Kelly M Raftery     bknotice@mccarthyholthus.com, kraftery@mccarthyholthus.com
- Russell H Rapoport     rrapoport@prllplaw.com, lgillis@prllplaw.com
- Daniel I Singer     bankruptcy@zievelaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil     cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**Debtor:**
4th Street East Investors, Inc.
Attn: Kim Holmes
42034 3rd Street E
Lancaster, CA 93535

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page